UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOUGLAS LENIART,
    Plaintiff,

v.

WARDEN CHAPDELAINE, et al.,
    Defendants.

No. 3:18-cv-00156 (SRU)

# ORDER

Douglas Leniart—a prisoner currently incarcerated at Northern Correctional Institution—filed a complaint under 42 U.S.C. § 1983 against Warden Chapdelaine, Deputy Warden Mudano, Captains Bayman and Saulus, and Correctional Officers Kravies and Bertrane. Leniart also has moved for appointment of counsel and for disclosure of confidential information. For the reasons set forth below, I deny Leniart's motions and dismiss his complaint in part.

## I. Motions for Appointment of Counsel and for Disclosure of Confidential Information [Docs. Nos. 8 & 9]

Leniart has filed a motion designated as "Motion for the court to appoint legal service by a court appointed lawyer." Leniart asserts no facts, allegations or information in support of the motion. To the extent that Leniart seeks the appointment of pro bono counsel, I deny his motion without prejudice. Leniart fails to indicate whether he has made any attempts to find an attorney willing to represent him or an attorney who might be willing to provide him with legal assistance. Leniart may renew the motion at a later stage of the litigation after he has made attempts to secure the assistance or representation of counsel.

Leniart has filed a second motion designated as "Motion for disclosure and discovery for confidential information and documents." Leniart asserts no facts, allegations or information in

support of the motion. Nor are there any discovery requests attached to the motion. Accordingly, there is no basis on which to grant relief, and I deny Leniart's motion.

## II. Complaint [Doc. No. 1]

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Leniart alleges that prior to January 3, 2017, he had been placed in phase one of the Security Risk Group program at Walker Correctional Institution ("Walker") because he was a member of the Los Solidos gang. *See* Compl., Doc. No. 1, at ¶ 3. In phase one of the Security Risk Group program, inmates from different gangs are not to be housed in the same cell. *See id.* at ¶ 5. As of January 3, 2017, Kravies and Bertrane had worked in the block in which Leniart had

been housed at Walker for over a year and knew that Leniart was a member of the Los Solidos gang. *See id.* at ¶¶ 3–4.

On January 3, 2017, in preparing to transfer all inmates who had been placed in phase one of the Security Risk Group program at Walker to Northern Correctional Institution, Correctional Officers Kravies and Bertrane moved Leniart to a holding cell with an inmate who was a member of gang called the Bloods. *See id.* at ¶¶ 4–5. When Leniart and his cellmate informed Kravies and Bertrane that they could not be housed together because they were from different gangs, the officers told them to "have fun." *See id.* at ¶¶ 5–6. At some point during his confinement in the holding cell, Leniart's cellmate slipped his handcuffs and assaulted Leniart in the face using the handcuffs. *See id.* at ¶ 6. Prison officials transported Leniart to the University of Connecticut Health Center and medical personnel stitched up his wounds. *See id.* ¶ 8. Leniart has scars from his injuries and continues to suffer from headaches and neck pain. *See id.* at ¶¶ 7–9. For relief, Leniart seeks $150,000 in damages.

A. <u>Official Capacity Claims</u>

The Eleventh Amendment bars lawsuits against states absent an express waiver of immunity by the states or abrogation of the immunity by Congress. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). That immunity extends to suits against state officials in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment prohibition on damages actions against states "remains in effect when State officials are sued for damages in their official capacity"). Leniart has not alleged, nor are there facts to suggest that the State of Connecticut or any defendant in his or her official capacity has waived its immunity from suit under section 1983. In addition, section 1983 does not abrogate the immunity of the states, including Connecticut. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Accordingly, I dismiss Leniart's claims for monetary damages against the defendants in their official capacities as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915A(b)(2).

   B. Individual Capacity Claims

      1. *Chapdelaine, Mudano, Bayman, and Saulus*

Leniart names Warden Chapdelaine, Deputy Warden Mudano and Captains Bayman, and Saulus as defendants, but he does not mention or refer to those defendants in the body of the complaint. As such, he has not alleged that Chapdelaine, Mudano, Bayman and Saulus violated his constitutionally or federally protected rights. I dismiss Leniart's claims against Chapdelaine, Mudano, Bayman and Saulus as lacking an arguable legal or factual basis. *See* 28 U.S.C. § 1915A(b)(1).

      2. *Kravies and Bertrane*

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment imposes certain duties on prison officials, to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (internal quotation marks omitted).

To state a deliberate indifference to health or safety claim under the Eighth Amendment, an inmate must demonstrate both an objective and a subjective element. To meet the objective element, an inmate must allege that he was incarcerated under conditions that resulted in a "sufficiently serious" deprivation, such as the denial of "life's necessities" or a "substantial risk of serious harm." *Id.* at 834. To meet the subjective element, an inmate must allege that the defendant prison officials "ha[d] a sufficiently culpable state of mind," that is, the officials

"kn[ew] that [the] inmate[] face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." I*d.* at 834, 837. Thus, an allegation of "mere negligence" is insufficient. *Id.* at 835. Rather, the subjective element requires that a plaintiff allege that prison officials acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

Leniart has alleged that Kravies and Bertrane disregarded an obvious risk to his safety by confining him in a cell with an inmate who they knew was a member of a different gang. As a result of this confinement, Leniart suffered injuries when the inmate assaulted him in the face with handcuffs. I conclude that Leniart has stated a plausible claim that Kravies and Bertrane were deliberately indifferent to his health and safety. Thus, the Eighth Amendment claim of deliberate indifference to health and safety will proceed against Kravies and Bertrane in their individual capacities.

## III. Conclusion

It is hereby ordered that:

(1) The "Motion for disclosure and discovery for confidential information and documents" [**ECF No. 9**] is **DENIED** and the "Motion for the court to appoint legal service by a court appointed lawyer" [**ECF No. 8**] is **DENIED** without prejudice. Leniart may file a new motion at a later stage of the litigation after he has made attempts to secure the assistance or representation of counsel on his own.[1] Any renewed motion must be accompanied by a summary of any attempts to obtain representation from a private law firm or secure legal assistance from a

---

[1] Attorneys at the Inmates' Legal Aid Program may be contacted at the following address and telephone number: Inmates' Legal Aid Program, Bansley | Anthony | Burdo, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

5

legal aid organization, including the dates upon which Leniart contacted the firms, attorneys, or organization, and the reasons why assistance or representation was unavailable.

The claims as set forth in the Complaint, [**ECF No. 1**], against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and the claims against Warden Chapdelaine, Deputy Warden Mudano, Captain Bayman and Captain Saulus in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment claim of deliberate indifference to health and safety will proceed against Correctional Officers Kravies and Bertrane in their individual capacities.

(2) Within **twenty-one (21) days** of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Correctional Officer Kravies and Correctional Officer Bertrane and mail a copy of the complaint, this order and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the **thirty-fifth (35th) day** after mailing, the Clerk shall report to the court on the status of each request. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) Defendants Kravies and Bertrane shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

(6) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

So ordered.

Dated at Bridgeport, Connecticut, this 31st day of July 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge