# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS LENIART,<br>    Plaintiff,<br><br>v.<br><br>WARDEN CHAPDELAINE, et al.,<br>    Defendant. | No. 3:18-cv-00156 (SRU) |

## RULING ON PENDING MOTIONS

Douglas Leniart ("Leniart"), currently incarcerated at Northern Correctional Institution, has filed a series of motions seeking the appointment of *pro bono* counsel. For the reasons set forth below, Leniart's motions for reconsideration of appointment of counsel (doc. nos. 15 and 23) are **denied**. Leinart's motion to amend his declaration in support of his motions for reconsideration (doc. no. 25) is **granted**. Lastly, his motion for a hearing (doc. no. 26) and his for order (doc. no. 27) are both **denied as moot**.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989). In considering whether to appoint *pro bono* counsel for an indigent litigant, a district court must "determine whether the indigent's position seems likely to be of substance." *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "[E]ven where the indigent [litigant's] claim is not frivolous, counsel is often unwarranted where the [litigant's] chances of success are extremely slim." *Cooper*, 877 F.2d at 172. Additionally, the Second Circuit has made clear that before an appointment is considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge*, 802 F.2d at 61.

I denied Leniart's first motion (doc. no. 8) because he failed to indicate whether he made any attempts to locate an attorney willing to represent him or provide him with legal assistance. I noted that Leniart may renew the motion at a later stage of the litigation after he has made attempts to secure the assistance or representation of counsel. Leniart was also provided the contact information for the attorneys at the Inmates' Legal Aid Program. *See* Doc. No. 10 at 5 n.1.

In his instant motions, Leniart attaches letters from three law firms declining representation. *See, e.g.,* Doc. No. 16-1 at 1–3. One of those letters provided Leniart with a link to various legal agencies that may be able to assist with his case.[1] *See id.* at 2. He also states that a potential conflict of interest may preclude the Inmates' Legal Aid Program from representing him.[2] *See id.* at 1. Leniart, however, does not indicate whether he attempted to contact an attorney at the Inmates' Legal Aid Program or through another legal service agency.

Although I have determined that some of the allegations in the complaint are not frivolous, I cannot conclude at this time that Leniart is likely to succeed on the merits of his claims. Additionally, I conclude that Leniart has not made sufficient efforts to secure legal assistance of representation on his own. Because there is a possibility that Leniart may be able to secure legal assistance or representation independently, the motions for appointment of counsel (doc. nos. 15 and 23) are **denied** at this time.

In addition, Leniart requests to amend his declaration supporting his motions for reconsideration (doc. no. 25). That motion is **granted**. After considering Leniart's amended declaration, however, I conclude that he is not entitled to *pro bono* counsel at this time.

---

[1] Although he is unable to access the link, the agencies listed include among others: Connecticut Legal Services, Inc., Statewide Legal Services of Connecticut, and the Pro Bono Partnership.

[2] Leniart represents that a conflict of interest may exist with the Inmates' Legal Aid Program because the law firm involved has an "adverse history" with Leniart's father. *See* Doc. No. 15 at 1. Leniart provides no documentation to support that assertion.

**Conclusion**

Leniart's motions seeking the appointment of counsel (doc. nos. 15 and 23) are **denied**. Any renewal of the motion shall be accompanied by a summary of any attempts to obtain representation from a private law firm or secure legal assistance from the Inmates' Legal Aid Program, including the dates upon which Leniart contacted the firms, attorneys, or Program, and the reasons why assistance was unavailable. Leinart's motion to amend his declaration is (doc. no. 25) **granted** and his motion for a hearing (doc. no. 26) and motion for order (doc no. 27) are **denied as moot**.

So ordered.

Dated at Bridgeport, Connecticut, this 29th day of August 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge